# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7400 | **DATE** | 1/14/2004 |
| **CASE TITLE** | Unionamerica Inc., et al. vs. Allstate Insurance Co. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]



**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant's motion for summary judgment is denied. Plaintiffs' request for confirmation of the 2002 arbitration award is granted. Plaintiffs' motion for an injunction against re-arbitration is granted as to arbitrations which tackle the topic of the first arbitration, namely the proper interpretation of Article 9D of the treaties, and denied as to arbitration demands which seek interpretation of the language issued by the previous arbitral panel. Plaintiffs' request for remand to the original panel is denied. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **3** number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 5 2004 date docketed | |
| | Notified counsel by telephone. | | | **28** |
| ✗ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/14/04 date mailed notice | |
| MPJ | courtroom deputy's initials | U.S. DISTRICT COURT CLERK  JAN 14 AM 5:26  Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

JAN 1 5 2004

| | | |
|---|---|---|
| UNIONAMERICA INS. CO., LTD., CX REINSURANCE CO., LTD., CONTINENTAL INSURANCE CO. OF NEW YORK, STRONGHOLD INSURANCE CO., LTD., HIGHLANDS INSURANCE CO. (UK), LTD., and **AMERICAN HOME ASSURANCE CO. UK, LTD.** | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 03 C 7400 |
| v. | ) ) ) | |
| **ALLSTATE INSURANCE CO.,** | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

From 1976 through 1983, plaintiffs, six British insurance companies, were parties to eight reinsurance agreements ("treaties") with Allstate Insurance Company ("Allstate"), an Illinois corporation, protecting Allstate against certain losses. Each of the treaties contained an arbitration clause holding that any dispute between the parties would be resolved via final and binding arbitration before a three-member panel chosen by the parties. Beginning in 1998, the parties differed about the interpretation of certain terms and conditions, and plaintiffs declined to pay certain amounts Allstate claimed due under the treaties. The parties were unable to negotiate a solution to this impasse, and on August 20, 1999, Allstate demanded an arbitration of the issue. The plaintiffs responded with a counter-demand.



Allstate and the plaintiffs each selected one arbitrator and jointly agreed upon the third. Extensive discovery was conducted and testimony and evidence were presented to the panel over the course of a multi-day evidentiary hearing. On June 6, 2002, the panel released its decision (the "award"). The result was favorable to the plaintiffs and required Allstate to return certain sums of money that the plaintiffs had erroneously been asked to pay.

The panel retained jurisdiction of the award until July 1, 2002, to resolve any issues arising in its application and interpretation. On June 29, 2002, Allstate requested an extension of the panel's jurisdiction until July 10, 2002, explaining that "accounting applications of the award are time consuming" and that two of its counsel were occupied with another hearing. The plaintiffs opposed any such extension. The panel declined to extend its jurisdiction. During the three-month period provided by Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to vacate or modify the award, and for the following year, Allstate complied with the award, issuing refund checks to the plaintiffs and revising certain unpaid claims to zero. However, on June 30, 2003, Allstate, advised by new counsel, re-submitted claims for the same losses which had been denied by the panel, explaining in a letter that the award "is not susceptible of any interpretation that is consistent with the treaty language and is incapable of being complied with." In a second letter, Allstate's counsel stated that

it would have to "address in a new arbitration what it believes are fundamental flaws in the prior panel's award." To that end, Allstate served arbitration demands upon the plaintiffs. In order to avoid a default, the plaintiffs have proceeded with panel selection, but filed this suit seeking confirmation of the award and an injunction against re-arbitration of the disputes resolved in the 2002 arbitration. In the alternative, plaintiffs request remand to the original panel for clarification of alleged ambiguities in the award. Allstate moves for summary judgment in its favor. I DENY the motion for summary judgment, CONFIRM the 2002 arbitration award, and GRANT in part and DENY in part the request for an injunction against re-arbitration.

I.

Allstate's sole argument in favor of summary judgment is that the one-year statute of limitations for seeking judicial confirmation of arbitrations under the FAA has passed. The plaintiffs argue that because they are foreign corporations, the arbitration was covered by both the FAA and the Inter-American Conventional on International Commercial Arbitration ("Convention"), 9 U.S.C. §§ 201-208, 301, which contains a statute of limitations allowing arbitrations to be confirmed within three years of issuance, not one. The plaintiffs are correct. The Seventh Circuit has held that "any commercial arbitral agreement, unless it is between two United States Citizens, involves property located in

3

the United States, and has no reasonable relationship with one or more foreign states, falls under the Convention." *Jain v. de Mere*, 51 F.3d 686, 689 (7th Cir. 1995). This is true even where, as here, the contract between the parties mandated arbitration in the United States and the arbitration took place before a panel of Americans. *See Employers Ins. of Wausau v. Banco de Seguros del Estado*, 199 F.3d 937 (7th Cir. 1999) (upholding the confirmation under the Convention of an award between an American insurance company and its foreign reinsurer where the petition for confirmation was filed 34 months after the award was issued). "There is no reason to assume that Congress did not intend to provide overlapping coverage between the Convention and the [FAA]," so the plaintiffs have "more than one remedy available and may choose the most advantageous." *Bergesen v. Joseph Muller Corp.*, 710 F.3d 928, 934 (2d Cir. 1983). As Allstate does not attempt to argue against confirmation under the Convention, I confirm the arbitrators' award. *See Employers Ins. of Wausau*, 199 F.3d at 942.

## II.

I agree with plaintiffs that Allstate's letters to the plaintiffs suggest that the true motive behind the new arbitration is to take a "second bite at the apple" in hope of a more favorable outcome on the same issues before a new panel. Those letters bespeak not confusion about the award's terms, but disagreement with those terms and an intention to disregard them. Furthermore,

4

Allstate's explanation in its memorandum that the second arbitration is necessary in part to resolve the issue of "whether" the award can be reconciled with the treaties, as well as the supplemental affidavit it provides offering a recitation of the award's "defects," are difficult to square with Allstate's assertion that it does not seek re-litigation of the same issues; the award was not appealed, it is final, and it *must* be reconciled with the treaties, whatever its supposed defects may be. As the previous award is valid and confirmed and the deadline for appealing it is past, Allstate may not seek to escape it by correcting its alleged defects in a new proceeding. *See Federated Rural Elec. Ins. Exch. v. Nationwide Mut. Ins. Co.*, 134 F. Supp. 2d 923 (S.D. Oh. 2001) (enjoining the defendant from re-arbitrating an arbitration award interpreting a reinsurance contract where defendant believed a state court decision in a later, unrelated case revealed that the arbitrators had erred). Forcing a party to re-litigate a case which has already been decided once can constitute irreparable injury justifying an injunction. *See, e.g., Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1020 (8th Cir. 2002). Thus, plaintiffs' motion for an injunction against re-arbitration is granted as to arbitrations which tackle the topic of the first arbitration, namely the proper interpretation of Article 9D of the treaties.

However, while the award itself can no longer be disturbed,

there is no reason why disputes arising from its interpretation may not be resolved either judicially or arbitrally. Allstate may not seek to modify the previous award or remedy its alleged defects, but it is perfectly within its rights in pursuing arbitration of disputes as to its application to new situations which the original arbitrators never contemplated. A primary reason for the resolution of such disputes via arbitration is that judges like myself are inexpert in the arcana of reinsurance calculations, and I am unable to determine from the materials before me whether Allstate's professed confusion about the award's effect on some of its claims requires supplemental explanation or not. Therefore, the injunction does not apply to arbitration demands which seek interpretation of the language issued by the previous arbitral panel. It does apply to any arbitration demands which seek to alter or correct that language in any manner.

Any such arbitration must take place before a new panel chosen by the procedure agreed upon by the parties. Under certain circumstances, an arbitral panel may be given an opportunity to explain or clarify its ruling. *See Glass, Molders, Pottery, Plastics, and Allied Workers Int'l Union v. Excelsior Foundry Co.*, 56 F.3d 844 (7th Cir. 1995) (exhaustively discussing the doctrine of *functus officio*, which holds that an arbitrator is divested of jurisdiction over a dispute following its resolution). However, that case makes clear that such requests must be made "within a

reasonable period of time." *Id.* at 848. The court noted that 85 days after the issuance of the panel's original decision was not too late for it to issue a revised award. But I can find no support for the contention that remand to the original panel could be appropriate more than eighteen months after it was disbanded, particularly in light of the fact that it refused to extend its own jurisdiction even for ten extra days in 2002. *See also Colonial Penn Ins. Co. v. The Omaha Indem. Co.*, 943 F.2d 327 (3d Cir. 1991) (arbitrator revised award two weeks after original decision).

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated:    January 14 , 2004

7